IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODERICK LEONANDRA MOORE, ) | |
| AIS #146853, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-1203-MHT |
| ) | [WO] |
| ) | |
| KATHY HOLT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Roderick Leonandra Moore ["Moore"], a state inmate, challenges the constitutionality of his confinement pursuant to sentences imposed upon him by various state courts for several different criminal offenses.[1] Specifically, Moore argues that any reliance by correctional officials on the two year portion of the split sentence imposed upon him for escape by the Circuit Court of Montgomery County, Alabama, on March 9, 1995, as the basis for his incarceration is improper because he completed service

---

[1] 1. Moore advises that in March of 1995 the Circuit Court of Montgomery County, Alabama, entered a conviction against him for escape and imposed a 15-year sentence split with 2 years to serve. Moore asserts that he served the mandatory 2-year term of imprisonment for this sentence from March 9, 1995 until March 9, 1997, prior to his release on parole in January of 1998. *Plaintiff's Complaint* at 5. "On or about 5/13/98 the plaintiff was rearrested on a new charge of receiving stolen property I, and declared delinquent. On [or] about 6-05-98 the plaintiff was sentenced to 15 yr ***to run concurrent with the escape time*** and" the 20-year concurrent sentences imposed in 1991 for theft of property, breaking and entering and third degree burglary. *Id*. at 5-6 (emphasis added). In the January 31, 2006 amendment to the complaint, Moore acknowledges that he is now incarcerated on "a 15 split 3 imposed upon him for Burglary III by the Circuit Court of Jefferson County" which "is ***concurrently being served with the remainder of the split portion of and from the sentence for escape by the Circuit Court of Mont[gomery] Ala***. . . ." Amendment to the Complaint - Court Doc. No. 8 at 1 (emphasis added).

of this term of the sentence in 1997. Moore seeks monetary damages for the alleged violation of his constitutional rights.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## DISCUSSION

Moore complains that he is "being forced to serve the same time twice on a split sentence" in violation of his constitutional rights. *Plaintiff's Complaint - Court Doc. No. 1* at 7; *Amendment to the Complaint - Court Doc. No. 8* at 2 ("The basis for which this complaint is issued [is] because the State of Ala force the plaintiff to serve the [two year] split portion of his March 9th 1995 split sentence twice . . ."). Since the 1995 split sentence provides a basis for Moore's current incarceration, the claim presented to this court goes to the fundamental legality of such incarceration. Consequently, the challenges contained in the instant complaint provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless

---

[2] 2. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim

3

either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Moore challenges the constitutionality of his confinement as it relates to a 1995 sentence imposed upon him for escape by the Circuit Court of Montgomery County. A judgment in favor of Moore on this claim would necessarily imply the invalidity of his incarceration based on this sentence. It is clear from the records of this court that the sentence and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before February 14, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE