IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODERICK LEONANDRA MOORE, | ) | |
| AIS# 146853, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:05-CV-1203-MHT |
| | ) | |
| KATHY HOLT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL REPORT & ANSWER

COME NOW the Defendants, Kathy Holt, Cheryl Price, Donal Campbell, Richard Allen and Barbara Howard, in the above-styled action by and through the undersigned counsel, and file their Special Report and Answer pursuant to the February 10, 2006 Order of this Honorable Court. The Defendants state as follow:

### PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that his constitutional rights were violated by the above named Defendants when they:

1. denied the Plaintiff's release due to his consecutive split sentence;

2. failed to correct any computation errors; and

3. punished the Plaintiff "twice for the same thing".

## DISCLOSURES

In accordance with the February 10, 2006 Special Report Order, the Defendants submit the following initial disclosures:

1. Attached affidavits of:

    a.   Richard Allen, Commissioner of the Alabama Department of Corrections (ADOC)

    b.   Kathy Holt, Director of Central Records

    c.   Cheryl Price, Warden III, Bibb Correctional Facility

    d.   Barbara Howard, Classification Specialist, Bibb Correctional Facility

2. The following persons may have personal knowledge of the facts relevant to the claims asserted by the Plaintiff or the defenses asserted by the Defendants:

    a.   Richard Allen, Commissioner of the Alabama Department of Corrections

    b.   Kathy Holt, Director of Central Records

    c.   Cheryl Price, Warden III, Bibb Correctional Facility

    d.   Barbara Howard, Classification Specialist, Bibb Correctional Facility

    e.   Donal Campbell, former Commissioner of the Alabama Department of Corrections

3. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:
    a.   Inmate Display

## DEFENSES

The above referenced ADOC Defendants allege that they have not violated the Plaintiff's constitutional rights, and demand strict proof thereof.

The ADOC Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

The ADOC Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

The ADOC Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

The ADOC Defendants are entitled to qualified good faith immunity and absolute immunity from the Plaintiff's claims as stated under 42 U.S.C. § 1983.

The Defendants were at all times acting and using their discretionary authority.

The ADOC Defendants plead the general defense.

The ADOC Defendants allege that the Plaintiff failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained.

The ADOC Defendants allege that the Plaintiff has not established the necessary elements of a violation under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

The ADOC Defendants allege that the Plaintiff suffered no loss of a liberty interest in the completion of the Plaintiff's sentence.

The ADOC Defendants allege that the claims of the Plaintiff are barred pursuant to the Prisoner's Litigation Reform Act.

The ADOC Defendants reserve the right to amend their defenses, including additional affirmative defenses, upon the receipt of information through discovery and otherwise.

The ADOC Defendants reserve the right to file an answer and a demand for a jury trial

pending the ruling of the Court on the Special Report submitted herein.

## STATEMENT OF THE FACTS

On February 22, 1991, the Plaintiff was sentenced to 20 years for Unlawful Breaking and Entering, 20 years for Attempting to Commit Theft of Property I and 20 years for Burglary III. These sentences were to run concurrently. (Defendants' Exhibit 1) On March 9, 1995, the Plaintiff was sentenced to a 15-year split sentence, in which 2 years were imposed and 13 years were suspended. This sentence was for Escape II, under case number CC-94-2670. (Defendants' Exhibit 2) On July 7, 2003, the Plaintiff was paroled to the custody of ADOC to serve the split sentence for CC-94-2670. (Id.) At no time did Defendant Price see the Plaintiff and then stop the Plaintiff from release. (Defendants' Exhibit 3)

An amended transcript was sent on August 23, 2005 from the Montgomery County Circuit Court stating that CC-94-2670 was to run concurrent with Jefferson County sentence CC-91-247. (Defendants' Exhibit 2) The Plaintiff was paroled on March 19, 2005; however, he was deemed delinquent on May 31, 2005 and revoked on July 12, 2005 to serve the total term of 15-years. (Id.)

On January 5, 2006, the Plaintiff discussed his jail credit with Defendant Howard. Defendant Howard stated that the Plaintiff should notify the sentencing court as to any corrections that would need to be made. (Defendants' Exhibit 4)

The Plaintiff filed his complaint on or about December 16, 2005 with this Court.

4

## **ARGUMENT**

The Plaintiff contends that he had already completed serving the consecutive split sentence and that he is being "forced to serve the same time twice." (Plaintiff's Complaint) According to *Ala. Code* §14-9-41(g)(1)(1975), "[w]hen a prisoner is serving two or more terms of imprisonment and the sentences run consecutively, then all such sentences shall be combined for the purpose of computing deductions for correctional incentive time and release date...." Therefore, the Plaintiff's sentences are combined to calculate the release date.

Section 14-3-38 establishes how sentences are to be served when there are multiple convictions. Section 14-3-38(a) states that "[w]hen a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively,...and his second and subsequent terms, each beginning on the expiration of the preceding term..." To further this concept, §14-3-38(b) states "[i]n case the prison record of a convict serving two or more sentences consecutively is good, he shall be discharged at the expiration of the last term of imprisonment to which he was sentenced, less any deduction from the sentences accorded him pursuant to Sections 14-9-1 through 14-9-3." In *Hopper v. State*, 420 So.2d 853, 854 (Ala. Cr. App. 1982), the court held that "[i]n Alabama, all sentences are to run consecutively unless the trial judge specifically states that they are to run concurrently. §14-3-38, Code of Alabama 1975. The trial judge has the broad discretion to order concurrent sentences but a defendant does not have a right to receive such concurrent sentences." *Sheehan v. State*, 411 So.2d 824 (Ala. Cr. App. 1981)

In the case at bar, the Plaintiff was sentenced on March 9, 1995. The sentencing judge did not state whether the sentence would be concurrent or consecutive. (Defendants' Exhibit 2) On July

2, 2003, Pardon and Paroles issued a memorandum that persons serving consecutive split sentences will be paroled to the Department of Corrections so that the inmate would serve his consecutive split sentence. (Defendants' Exhibit 2) A memorandum from Central Records was issued to the Plaintiff's institution in advance stating that the inmate was not to be released due to the consecutive split sentences. (Defendants' Exhibit 2) The sentencing judge amended the sentence on August 22, 2003 so that the case would run concurrent with other cases. Therefore, all persons involved were following the statutes that govern the sentences of the Plaintiff.

The Plaintiff is bringing his claims under the provisions of 42 U.S.C. §1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.
> 42 U.S.C. §1983

This section "provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States." *Sasser v. Alabama Department of Corrections*, 373 F.Supp.2d 1276, 1290 (M.D. Ala. 2005) "In order to establish a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law." *Id.*; see *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct

violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). As the *Sasser* Court stated the threshold question is that of Eleventh Amendment immunity. *Sasser* at 1291. The Eleventh Amendment immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978) Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781 (1978). There are two (2) exceptions: (1) if the State waives its immunity or (2) if Congress has abrogated the immunity of the State. *Carr v. City of Florence, Ala.*, 916 F. 2d 1521, 1524 (11th Cir. 1990). Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." The Defendants have adhered to the statutory laws that govern the incarceration and sentence of the Plaintiff. The Defendants are barred from being sued due to Eleventh Amendment Immunity.

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that the Plaintiff is not entitled to any relief and summary judgment should be granted in favor of all of the Defendants.

Respectfully submitted,

/s/ Kim T. Thomas
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

**ALABAMA DEPARTMENT OF CORRECTIONS**
**LEGAL DIVISION**
**301 S. RIPLEY STREET**
**P.O. BOX 301501**
**MONTGOMERY, AL 36130**
**(334) 353-3881**
**(334) 353-3891 (fax)**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon:

Roderick Leonandra Moore
AIS# 146853
Bibb Correctional Facility
565 Bibb Lane
Brent, AL 35034

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this 7th day of April, 2006.

/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL