Affidavit

RECEIVED
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

I Roderick Moore AIS #146,853 being first duly sworn in the present of a Notary Public dispose and say:

That I'm over the age of twenty one (21) yrs of age, that I'm presently incarcerated at Bibb County Correctional Facility 565 Bibb Lane, Brent Ala. 35034.

That on or about or about 3-9-95 I was sentenced on Escape II and recieved a 15 yr split 2 yrs, Prior to recieving the new sentence I was already serving a 20 yr sentence from Jefferson Co. with a parole date for 1-96.

That upon being interviewed for Parole at Donaldson Corr. Fac. in Oct. 95 by the Divisonal Cordinator for that region Mr. LaVert informed me that the Board would not consider release un till the full term of the split was honored.

A new hearing date was then reset from the original hearing date of 1-96 to 1-97 but was again reset for 12-97 and parole was granted there to follow release 1-98.

That on or about 1-26-98 I was paroled and released after serving the full term of the split as ordered by Judge Eugene Reese of the Mntgy. Co. Circuit Court to begin on 3/09/95

That on or about 5/10/98 the Plantiff was rearrested on a new charge of recieving stolen Property I and declared delinquent.

That on or about 6-05-98 I was sentenced to 15yrs to run concurrent with the escape time and theft of property time twenty years and all other cases.

That on or about 6-98 I was return back to the A.D.O.C. Kilby Corr. Fac. and thereafter to Fountain Co. Fac. on or about 1-99 I was transferred to Bibb Co. Corr. Fac.

That on or about 7-7-03 I was granted parole and ordered released.

That after dressing out and seeing Warden Price for release I was stop and told by Warden Price that she had recieve an order from A.D.O.C. Legal Division of Central Record per Kathy Holt "who is in her official capacity, Asst. Director in the legal division as Correctional Records Director," to cancel my release pending additional time to be served on split.

That after contacting Mrs Howard my classification supervisor I was told that a new policy had been implemented concerning split sentences which states "that if you got a consecutive split sentence you must remain untill completion of the split sentence.

I vehemently tried to explain to Mrs Howard that I had already completed the 2yr portion of my split in January of 1998, she did nothing to aid or assist in trying to contact the proper authority to rectify the problem at hand before her.

That Warden Price who in her official capacity as

as steward and legal guardian over every inmate at Bibb Co. Corr. Fac. does, have the authority and power to consult, contact and appeal to the commissioner who is the head man in charge, over every prison housing inmates in the state of Alabama and Governor it warrants a need to rectify an inmate serving time beyond the date upon which he or she has been sentenced.

She just simply did nothing but aid and abett with Kathy to deny me my freedom, in violation of the 14th & 8 amendment to the constitution of these united states.

Mrs Howard primary function is to assist and aid every inmate on her caseload who could have in her official capacity as a Classification Steward sought help to rectify me having to do additional time twice on the same sentence but instead chose to be complicity with Warden Price, Director Kathy Holt and Commissioner Campbell now residing Richard Allen in violation of my constitutional right under the 14th & 8 amendment to deny me my release.

Warden Price, Director Kathy Holt and Commissioner Campbell, now residing Richard Allen and Mrs Howard are all collectively the embodiment of A.D.O.C. Administrative prison system of management and all share in the responsibility of ensuring that no one is detained after serving his or her sentence.

In the Central Office of Central Records's Legal Division it is the duty and supervision of the Director and/or Assistant Director to keep record and monitor the time served and to be served of each inmate in the Alabama penal system. Such function is of Mrs Kathy Holt who is in her official capacity Correctional Records Director. She knew according to her records that I had completed the split portion of my 3-9-95 15 split 2yrs sentence after being paroled and released in January of 1998 because it was common pratice by her own admission that this was the way the A.D.O.C honored split sentence consistence with the policy of the parole board prior to 7-2-2003.

I swear beyond penalty of perjury that everything stated in this affidavit is true to the best of my knowledge.

Done this 23rd of May 2006

Respectfully Submitted
Roderick Moore

Sworn and Subscribed before me
Deborah A Toney
5/17/2010

## Supporting Claims and Brief

Kathy Holt, Cheryl Price, Donald Cambell now (Richard Allen) and Mrs. Howard is being sued in violation of Plaintiff Constitutional Rights of the 14th 8th Amend. of these United States in their individual capacity.

They are or were all aware of the fact that an obvious erroneous mistake were being made but clearly chose to be deliberate indifferent by doing nothing to help cure the defect in violation of the 14th 8th Amend. See Alexander V. Perrell 916 F2d 1392 (9th Cir 1990) Prison officials who are under duty to investigate claims of computational errors in calculation of prison sentences may be liable for failure to do so when reasonable request is made.

They are or were all aware of the fact that the Plaintiff had serve his split portion by his release in January of 1998 but all conspired to keep the plaintiff incarcerated an additional 2 yrs base on a new policy from the parole board that should'd have effected the Plaintiff release on the 7-7-03.

The Plaintiff contends that the letter from Bill Segrest Executive Director of the Parole Board sent to Betty Teague

as unauthentic insufficient to establish that Mr. Sergeant posted such a draft.

The Plaintiff contends that what is authentic is the memorandum sent to Bibb County Correctional Facility by Kathy Holt Assistant Director of Central Office ordering a stop to the Plaintiff release on 7-2-03 which is in violation his 14th & 8th Amend. of cruel and unusual punishment for his sentence to be served twice pertaining to the split portion of his March 9, 1995 15 yr. 2 yr split that she know had been ordered and served from 3-9-95 untill January 1998 per practice of the A.D.O.C. and Alabama Parole Board, prior to 7-2-2003. <u>Calhoun V. New York State D.v. of Parole Officers 999 2d 647 (2nd 1993)</u> Under both due process clause and state law, inmate has liberty interest in being released upon expiration of his other maximum term of imprisonment since inmate parole grantee has "liberty interest" in being released from prison as soon as possible. It surely follows that he also has liberty interest in being set free at end of his term.

The Plaintiff contends that because he was forced to serve his split portion twice that he was

subjected to cruel and unusual punishment by all the defendants in their individual capacity and official capacity in violation of the 8th Amend to the cons. of the U.S. See Sample V. Diecks 885 F2d 1099 (3rd Cir. 1989) Imprisonment beyond one's term constitutes cruel and unusual punishment.

The Plaintiff contends that the memorandum sent to the B.B.W. correctional fac. to stay the release of the Plaintiff was intentional and without the consent of the plaintiff to honor which subjected the plaintiff to false imprisonment. In violation of his 14th. Amend.

The Plaintiff is suing Ms. Kathy Holt in her individual capacity and all the other defendant who were complicity with her to stay the plaintiff release of 7-7-03.

Waugh V. Pearce 954 F2d 1470 (9th Cir 1992) To impose liability on local governmental entity for failing to act to preserve constitutional rights § 1983 plaintiff must establish; that he possessed constitutional right of which he was deprived; that municipal had a policy; that this policy amounted to deliberate indifference to plaintiff constitutional right. And that policy was moving force behind constitutional violation.

## Conclusion

The Plaintiff avers that Pardon and Parole Board is a seperated state government and function from that of the A.D.O.C.

The Plaintiff contend that because of the practice of Pardon & Parole Board and the A.D.O.C in consistence with the split terms weather consecutive or concurrent it was just the way business was done.

The one person that knew this more than anyone was Mrs. Kathy Holt and she is liable for failing to release the plaintiff in July of 2003.

Plaintiff that all the other defendant is liable under color of state law in thier individual capacity for all injury suffered.

The plaintiff has suffered a deprivation of his liberty for 24 month and mental and emotional anquish in violation of the 8th & 14 Amend to const. of the U.S.

Whereby the Plaintiff is asking for 150.000 from each defendant in his & her individual capacity for compensatory & punitive damages.

Certificate of Service

I certify that I have sent a copy of the foregoing to the following by way of first class postage to:
Done this the 3rd of June 2006

Respectfully Submitted
Roderick L. Moore #146853
Roderick Moore

General Counsel / Deputy Atty Gen
Kim T Thomas
Assistant Atty Gen.
Tara S. Knee
301 S. Ripley Street
P.O. Box 301501
Monty Al 36130