IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODERICK LEONANDRA MOORE, | ) | |
| AIS #146853, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-1203-MHT |
| | ) | [WO] |
| | ) | |
| KATHY HOLT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Roderick Leonandra Moore ["Moore"],

a state inmate, asserts that correctional officials improperly forced him to twice serve the

mandatory two-year portion of a split sentence imposed upon him for second degree escape

by the Circuit Court of Montgomery County, Alabama on March 9, 1995. Specifically,

Moore argues he served this two-year sentence from March 9, 1995 until March 9, 1997

and the defendants then required him to serve this sentence again from July 7, 2003 until

March 19, 2005. Moore names Kathy Holt, director of central records for the Alabama

Department of Corrections, Cheryl Price, warden of the Bibb County Correctional Facility,

Donal Campbell, former commissioner of the Alabama Department of Corrections, Barbara

Howard, a classification specialist at the Bibb County Correctional Facility, and Richard

Allen, the department's current commissioner, as defendants in this cause of action. Moore

seeks monetary damages from the defendants.

The defendants filed a special report and supplements to this report with supporting evidentiary materials addressing Moore's claim for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat the report and supplements thereto as a motion for summary judgment. *Order of May 2, 2006 - Court Doc. No. 24*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to this motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c), as amended December 1, 2007, (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current

of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his claim for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord

---

rule.

deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, __, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Moore is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v.*

*Graddick*, 739 F.2d 553, 557 (11ᵗʰ Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11ᵗʰ Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74ᵗʰ Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11ᵗʰ Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11ᵗʰ Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11ᵗʰ Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing

summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact.  *Beard*, 548 U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.   In this case, Moore fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

6

## II. FACTS

Moore possesses an extensive criminal history including convictions for theft of property first and second degree before the Circuit Court of Jefferson County, Alabama in 1990. Moore received sentences of five years imprisonment for these convictions with the sentence for first degree theft of property running consecutively to the sentence for second degree theft of property. In 1991, Moore incurred additional convictions in Jefferson County for unlawful breaking and entering a vehicle, attempted first degree theft of property and third degree burglary. The trial court sentenced Moore to concurrent sentences of twenty years' imprisonment for these convictions.

While serving his 1990 and/or 1991 sentences from Jefferson County, Moore escaped from the custody of the Alabama Department of Corrections in 1994. The pleadings and evidentiary materials before the court indicate that Moore returned to state custody on his Jefferson County sentences sometime in the latter part of 1994 or the early part of 1995.

On February 15, 1995, Moore entered a guilty plea to second degree escape before the Circuit Court of Montgomery County, Alabama. On March 9, 1995, the court sentenced Moore to fifteen years' imprisonment for this conviction and ordered the sentence split with two years to serve and thirteen years of probation. The court did not designate this sentence as a concurrent sentence, and, therefore, under applicable state law, the sentence at the time of imposition is a sentence consecutive to any other imposed term

of incarceration.  *Ala. Code* § 14-3-38(a) ("When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively ... beginning on the expiration of the preceding term.").  Thus, at the time of imposition of the sentence for escape and unless and until amendment of this sentence by Circuit Court of Montgomery County, the escape sentence ran consecutive to all prior and subsequent sentences imposed upon Moore, and Moore did not receive credit for this sentence from the time of his 1994/1995 return to confinement until his release on parole in January of 1998.[2]

The Alabama Board of Pardons and Paroles declared Moore delinquent on June 15, 1998 and revoked his parole on August 19, 1998.  *Defendants' Exhibit 2 to the April 7, 2006 Special Report and Answer - Attachment No. 9  -- Court Doc. No. 19-3* at 12.  This revocation arose from plaintiff's conviction for receiving stolen property by the Circuit Court of Jefferson County on June 5, 1998.  The court sentenced Moore to a concurrent sentence of fifteen years' imprisonment for the receiving stolen property conviction.  In light of the revocation of Moore's parole and the concurrent 1998 sentence, Moore returned

---

[2]At this time, the policy of the Alabama Board of Pardons and Paroles allowed for release of an inmate on parole even though the inmate had yet to serve a pending consecutive split sentence.  *Defendants' Exhibit A to the April 21, 2006 Supplemental Special Report - Court Doc. No. 21-2* at 1. The parole board subsequently reversed this policy and adopted a new policy which required that "when the Board grants parole to a person who has a Consecutive Split Sentence that has not been completed, the Board will be paroling [the inmate] to the Department of Corrections' Custody for him to serve the consecutive split sentence."  *Defendants' Exhibit 2 to the April 7, 2006 Special Report and Answer - Attachment No. 4 -- Court Doc. No. 19-3* at 6.

to the custody of the Alabama Department of Corrections to continue service of his 1991 Jefferson County sentences. The concurrent nature of Moore's 1991 and 1998 Jefferson County sentences has no impact on the consecutive sentence imposed upon him for the 1995 escape conviction. Pursuant to the newly adopted policy of the Alabama Board of Pardons and Paroles, *infra*. at n.2, the parole board on July 7, 2003 granted Moore parole from his Jefferson County sentences to the custody of the Alabama Department of Corrections to begin service of the two-year split portion of his 1995 Montgomery County sentence for escape. *Defendants' Exhibit 2 to the April 7, 2006 Special Report and Answer - Attachment No. 2 -- Court Doc. No. 19-3* at 4. On the date of this parole, Moore, in accordance with the order of the Montgomery County Circuit Court, began to receive credit on the two-year split of his escape sentence and received such credit until his March 19, 2005 release on probation.

On August 22, 2003, the Circuit Court of Montgomery County amended the sentence in the escape case to run concurrently with the 1991 sentence imposed by the Circuit Court of Jefferson County for third degree burglary. *Defendants' Exhibit 2 to the April 7, 2006 Special Report and Answer - Attachment No. 5 -- Court Doc. No. 19-3* at 7. Consequently, prior to August 22, 2003, Moore was not entitled to receive nor did correctional officials have any authority to grant him credit, retroactive or otherwise, on his 1995 two-year split escape sentence for time previously served on his 1991 third degree burglary conviction, and, therefore, he could only receive concurrent credit on the escape

sentence and the 1991 burglary sentence from August 22, 2003 forward.

On March 19, 2005, correctional officials released Moore to probation on his 1995 escape conviction. *Defendants' Exhibit 2 to the April 7, 2006 Special Report and Answer - Attachment No. 6 -- Court Doc. No. 19-3* at 8. However, on May 31, 2005, the Alabama Board of Pardons and Paroles declared Moore delinquent based on a new burglary offense committed in Jefferson County. *Id., Attachment No. 7 -- Court Doc. No. 19-3* at 9. Subsequently, law enforcement officials arrested Moore for this delinquency. On July 12, 2005, the Circuit Court of Montgomery County revoked Moore's probation as to the 1995 escape conviction and ordered him to serve the entire fifteen-year sentence imposed for this conviction "to run [concurrent] with any other case [Moore] is serving on now[]" and "[t]o receive credit on this sent[ence] for all time served on this sent[ence] including time served on the split portion." *Id. - Attachment No. 8 -- Court Doc. No. 19-3* at 10.

At the time of filing the instant complaint in December of 2005, Moore's incarceration resulted from a fifteen-year sentence imposed upon him in 1998 by the Circuit Court of Jefferson County for a burglary conviction, the remaining thirteen or so years of the escape sentence imposed by the Circuit Court of Montgomery County, and the twenty-year concurrent sentences imposed in 1991 by the Circuit Court of Jefferson County. *Plaintiff's January 31, 2006 Amendment to the Complaint - Court Doc. No. 8* at 1. The 1991 Jefferson County sentence for unlawful breaking and entering a vehicle "is the controlling sentence to be served." The defendants concur that the Jefferson County

10

sentence levied for unlawful breaking and entering "is the controlling case" for determination of the computation of Moore's term of imprisonment.[3]

### III. DISCUSSION

Moore complains that the defendants failed to provide him credit on the two-year split portion of his 1995 escape sentence for time served on his 1991 Jefferson County convictions prior to July of 2003. He argues that this resulted in his twice serving this two-year term with the repeated term of incarceration occurring from "July of 2003 until March 19, 2005...." *Plaintiff's February 9, 2006 Amendment to the Complaint - Court Doc. No. 10* at 3.

The defendants deny this allegation and maintain that Moore received all proper credit for service of this two-year sentence. In support of this assertion, the defendants argue that based on the initial sentencing order of the Circuit Court of Montgomery County, Moore could not receive credit on this sentence for any incarceration prior to 2003 and they properly granted him credit on this sentence from July 7, 2003 until his probationary release on March 19, 2005. The evidentiary materials and state court records support the defendants' averments. Specifically, these documents establish that Moore had no right to receive credit on his two-year split for any time served prior to August 22, 2003 as the

---

[3]Although the parties agree that the twenty-year sentence imposed in 1991 for unlawful breaking and entering a vehicle is the sentence determinative of plaintiff's release date, as they allege that this sentence results in the longest term of confinement, it appears to the court that the concurrent fifteen-year sentence imposed in June of 1998 for burglary, if this sentence remains valid, will actually result in the longest term of incarceration. However, this does not affect the disposition of the issue before this court.

split sentence, until this date, was ordered to be served consecutively to all other sentences. However, upon amendment of this sentence by the trial court on August 22, 2003, Moore could receive credit on the escape sentence, both the two-year mandatory split and the remaining thirteen years of this sentence, for any time concurrently served on the 1991 Jefferson County sentence imposed for the third degree burglary conviction. *Defendants' Exhibit 2 to the April 7, 2006 Special Report and Answer - Attachment No. 5 -- Court Doc. No. 19-3* at 7. Additionally, on July 12, 2005, the Circuit Court of Montgomery County ordered that the escape sentence thereafter run concurrently with any other sentence the defendant was then serving. *Id. - Attachment No. 8 -- Court Doc. No. 19-3* at 10. Prior to this date, however, Moore received credit on his escape sentence only for time actually served on such sentence from July 7, 2003 until August 22, 2003 and for any time served from August 22, 2003 until July 12, 2005 on the escape sentence and/or the 1991 Jefferson County burglary sentence.

In summary, the record does not reflect that the defendants violated Moore's constitutional rights in the computation of credit for time served on the two-year split portion of the 1995 escape sentence. Moreover, the evidentiary materials submitted in this case demonstrate that Moore did not twice serve this two-year term of incarceration. Summary judgment is therefore due to be granted in favor of the defendants.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before July 16, 2008 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of July, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE